(No. 2077—

WALFRED S. HALLER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 12, 1935.*
*Rehearing denied October 17, 1935.*

FREDERICK J. BERTRAM, for claimant.

OTTO KERNER, Attorney General, and JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Prior to and on the 1st day of August, 1931, claimant was a Private in the 202nd Coast Artillery, Illinois National Guard, and on the last mentioned date sustained certain personal injuries as the result of a collision between an army truck on which he was riding, and a civilian automobile.

The facts in the case are fully set forth in the opinion of this court in the case of *Jean A. Mack, Administratrix of the estate of Roland E. Mack,* vs. *State,* No. 1944, decided at this (January, 1935) term, to which reference is made therefor.

Claimant contends that his case differs from the Mack case in the following particulars:

1. That claimant and two other soldiers were instructed by Captain McPhail to assist in the loading and unloading of the supplies being sent from Camp Grant to Coon Creek.

2.   The findings of the Military Board applied only to the case of Roland E. Mack and had no application to this case.

3.   That claimant was one of the men who were told by Captain McPhail that if there was room for them to get aboard the truck and ride, it would be satisfactory to him;— while Private Roland E. Mack was not one of such men.

The contentions of claimant will be considered in the order above set forth:

1.   The contention that claimant was instructed by Captain McPhail to assist in the loading and unloading of the supply truck was first made in the supplemental brief and argument filed herein on January 17th, 1935.   No such contention was previously made by claimant and there is nothing in the record to sustain it.   Counsel for claimant contends that claimant so testified in open court, but apparently such testimony was not reported, as it does not appear in the record.   On the other hand, the stipulation of facts filed herein on July 6th, 1933 states (page 5): "The claimant, Walfred S. Haller, *while not a regularly assigned member of the truck detail,* assisted in loading the army truck."

2.   It may be conceded that the finding of the Military Board has no application to this case.

3.   Claimant contends that he was one of the men who were told by Captain McPhail that if there was room for them to get aboard the truck and ride, it would be satisfactory to him.   This may also be conceded.

The sailent facts in this connection are as follows:—

(a)   The statement of Captain McPhail was in response to an inquiry by some enlisted men.

(b)   The inquiry was made because the men were seeking transportation to Coon Creek to attend a dance.

(c)   The statement of Captain McPhail plainly constituted merely a permission and could not be construed as an order.

(d)   The permission to go to Coon Creek in the truck was contingent upon "there being room for them to get aboard and ride."

(e)   The stipulation of facts (page 6) shows, "The claimant was compelled to take a position on the left front fender, *the body of the truck being filled with provisions and*

*other members* of the advance detail'';—hence there was no room in the truck.

(f)   Just prior to and at the time of the accident, claimant was riding in an exposed position on the left front fender of the truck with his feet upon the bumper.

Upon a careful consideration of the case we fail to find any material distinction between this case and the case of Private Roland E. Mack and the conclusions at which we arrived in that case apply with equal force to this case.

Claimant also contends that an award should be made to him on the grounds of equity and good conscience.   The right of any claimant to an award on that ground was exhaustively considered by this court in the case of *Crabtree* vs. *State*, 7 C. C. R. 207, in which the court, after a consideration of the authorities on the question from the time of the creation of the court down to the time of such hearing, reached the following conclusion:

"We conclude, therefore, that Section four (4) of Paragraph six (6) of the Court of Claims Act, which provides as follows, to-wit:   The Court of Claims shall have power:   'to hear and determine all claims and demands legal and equitable, liquidated and unliquidated, ex contractu and ex delicto which the State as a sovereign commonwealth, should, in equity and good conscience, discharge and pay'; merely defined the jurisdiction off the court, and does not create a new liability against the State, nor in-increase or enlarge any existing liability; that the jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State either at law or in equity, if the State were suable; that this court has no authority to allow any claims unless there is a legal or equitable obligation on the part of the State to pay the same, however much the claimant might appeal to the sympathies of the court; that unless the claimant can bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience to secure such an award.

"The claimant having failed to bring himself within the provisions of the law entitling him to an award, there is nothing this court can do but deny the claim."

The decision in the Crabtree case has been followed by this court in numerous cases since that time, and we are not disposed to depart from the same.

Award must therefore be denied.   Award denied.   Case dismissed.